## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**LADONNA SUE CARTER**                                            **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO.  4:22-CV-58-JHM**

**JEREMY LOGSDON** *et al.*                                            **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* civil action initiated by Plaintiff LaDonna Sue Carter.  Plaintiff filed a motion for leave to proceed *in forma pauperis*.  Upon review, **IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (DN 4) is **GRANTED**.  For the following reasons, this action will be dismissed.

### I.

Plaintiff completed a complaint form for a civil case.  She sues Grayson County Attorney Jeremy Logsdon and Kentucky Attorney General Daniel Cameron.  On the complaint form, she indicates that this Court has federal-question jurisdiction over this action because she is bringing suit under the First and Sixth Amendments of the United States Constitution.

Plaintiff makes the following allegations *in toto*:

Jeremy Logsdon has made it impossible for me to get a fair trial and have a fair jury.  Daniel Cameron refuses to do anything to stop County Attorney from his behaviour and his breaking my rights under the Constitution.

In the "Relief" section of the complaint form, Plaintiff indicates that she seeks damages and "both Defendants to be Order to obey by the Constitution."

For purposes of this initial review only, the Court will also assume that Plaintiff intended to sue Defendants in both their official and individual capacities.

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must conduct an initial review of this action pursuant to 28 U.S.C. § 1915(e).  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere."  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635 (1980).  "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting

under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claims

Both Defendants are Kentucky state officials. When state officials are sued in their official capacities for damages, they are not "persons" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for damages are not considered persons for the purpose of a § 1983 claim). Moreover, state officials sued in their official capacities for damages are also absolutely immune from § 1983 liability under the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This Eleventh Amendment bar remains in effect when State officials are sued for damages in their official capacity."). In addition, as to Plaintiff's claim for injunctive relief, federal courts have no general power to compel action by state officers in the performance of their duties. *More v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970).

Thus, Plaintiff's official-capacity claims must be dismissed for failure to state a claim upon which relief may be granted and for seeking damages from Defendants immune from suit.

### B. Individual-Capacity Claims

Upon review, the Court concludes that the complaint is too vague to state an individual-capacity claim against either Defendant Logsdon or Cameron. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does

a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009); *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

Here, the Court finds that the complaint lacks sufficient factual matter to state a claim against either Defendant. Although Plaintiff mentions both the First and Sixth Amendments, the complaint does not contain allegations addressing the material elements of a claim under either.

Moreover, although it is not entirely evident from the minimal allegations in the complaint, it appears that Plaintiff's claims against Defendant Logsdon are based upon his conduct in his role as an advocate for the Commonwealth. Defendant Logsdon enjoys absolute prosecutorial immunity while acting in his role as an advocate. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *see also Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of to investigate facts and alleged commission of perjury before the grand jury). And to the extent that Plaintiff's claims against Defendant Cameron are based upon his supervisory role as the Attorney General, the Court additionally observes that the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

For these reasons, the Court concludes that any individual-capacity claim against either Defendant Logsdon or Cameron must be dismissed for failure to state a claim upon which relief may be granted.

## IV.

The Court will dismiss this action by separate Order.

Date:   August 10, 2022

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendants
4414.011